No. 37,329

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, UNION PACIFIC RAILROAD COMPANY, MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, Guy A. Thompson, Trustee of the Estate of Missouri Pacific Railroad Company, Debtor, ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Joseph B. Fleming and Aaron Colnon, Trustees of the Estate of The Chicago, Rock Island & Pacific Railway Company, Debtor, and CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, *Appellees,* v. THE STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, *Appellant.*

(203 P. 2d 211)

Opinion filed March 5, 1949.

*Byron M. Gray,* special attorney, argued the cause and *Jay Kyle,* general counsel, was with him on the briefs for the appellant.

*C. J. Putt,* of Topeka, argued the cause, and *W. F. Lilleston,* of Wichita, *Lloyd W. Jones,* of Parsons, *T. M. Lillard, Clayton M. Davis, W. E. Tread-way,* all of Topeka, and *J. W. Weingarten,* of Omaha, Neb., were with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This is an appeal from the judgment of the trial court for plaintiffs upon their motion therefor and from related findings, conclusions and orders relating thereto.

Briefly, the record discloses that on January 27, 1945, the State Corporation Commission, hereinafter called the Commission, acting under G. S. 1935, 66-1502, upon its own motion instituted a proceeding of investigation into railroad rates applicable to the transportation of cement in Kansas in intrastate commerce by railroad and the charges therefor between all cement producing points in Kansas, on the one hand, and all points in Kansas located on Scale IV Cement Rate Territory, as defined in *Western Cement Rate* Interstate Commerce Commission Docket No. 8182, 48 I. C. C. 201, on the other hand (roughly, the western three-fifths of the state), with a view to determine whether rates and charges, or any of them, were unjust, unreasonable, unduly preferential, or otherwise unlawful. Due notice was given to the railroads. Hearings were had from time to time, and on March 19, 1947, the Commission issued its report and order fixing the rates for the transportation of cement in carload lots from all origins in the state of Kansas to the Scale IV territory above mentioned. On March 21, 1947, the plaintiffs herein filed their applications for rehearing, as provided by G. S. 1935, 66-118b. The Commission considered and denied those applications on April 2, 1947. On May 2, 1947, the plaintiffs filed in the district court their applications for review of the report and order of the Commission of March 19, 1947, as provided in G. S. 1935, 66-118c. This application for review alleged the order of March 19, 1947, was unlawful for the reason, among others, that the hearing before the Commission was for an inquiry of rates from cement producing points in Kansas, while the order sought to be reviewed was broader in its scope in that it fixed rates on cement in carload lots from all points of origin in Kansas, which was far beyond the scope of the order for investigation and the hearing had thereon. On May 5, 1947, without notice or hearing, the Commission issued the following order:

"Now on this 5th day of May, 1947, it having come to the attention of the
Commission that our order herein of March 19, 1947, required the rates therein
prescribed to be published from all origins in the State of Kansas, whereas it
was the intention and purpose of the Commission that said order should pre-
scribe said rates only from all Cement producing points in the State of Kan-
sas. 'IT IS, THEREFORE, BY THE COMMISSION ORDERED: That the first
ordering paragraph of our order herein, dated March 19, 1947, be, and
the same hereby is amended *nunc pro tunc* by substituting for the words 'all
origins in the State of Kansas," the words "all Cement producing points in
the State of Kansas".' "

This was included in a transcript filed by the Commission with the
district court.

Thereafter plaintiffs filed a motion, the pertinent portions of
which read:

"Come now the applicants for review and move the Court for the entry of
judgment in their favor for the reason that the order of the defendant dated
May 5, 1947 (Document No. 23 of the certified Transcript of the Record), is
an admission of record on the part of the defendant that the order appealed
from of March 19, 1947 (Document No. 18 of the certified Transcript of the
Record), was and is unlawful and unreasonable and such admission constitutes
a confession by the defendant that applicants for review are entitled to
judgment."

The defendant Commission filed a motion to strike certain para-
graphs and parts of paragraphs from the petition for review. These
motions came on for hearing before the court on March 19, 1948,
and as shown by the journal entry of judgment the court made its
findings, orders and judgment as follows:

"That on March 19, 1947, defendant Commission issued the Order here
for review; that on April 2, 1947, defendant Commission denied Applicants'
Application for Rehearing; that on May 2, 1947, Applicants filed their Appli-
cation for Review herein; and that what has been termed the Order *Nunc
Pro Tunc* was made by defendant Commission on May 5, 1947.

"That in the investigation proceeding had before the defendant State Cor-
poration Commission, pursuant to the orders of notice served by said De-
fendant upon the Kansas railroads, Applicants for Review herein, the only
issue tendered by said orders of notice was that of the reasonableness and
lawfulness of railroad freight rates on cement, in carloads, in Kansas intra-
state commerce, and the charges resulting therefrom, between all cement pro-
ducing points in Kansas, on the one hand, and all points in Kansas located
in Scale IV Cement Rate Territory, as defined in *Western Cement Rates,*
Intrastate Commerce Commission Docket 8182, 48 I. C. C. 201, on the other
hand;

"That the order of the defendant Commission of March 19, 1947, now before
this Court for review, required the applicant railroads to establish rates on
cement, in carloads, from all origins in the State of Kansas to all destinations

in Kansas Cement Scale IV Territory, as hereinabove described, for application on Kansas intrastate traffic;

"That Paragraph 1 on page 5 of the Application for Review, referred to in Paragraph 2 of Paragraph I of Defendant's motion to Strike, asserts matters not set forth in the Application for Rehearing filed by the Applicants herein before the defendant Commission and which cannot be urged or relied upon in a review of said order by this Court.

"The Court therefore concludes:

"That said order of March 19, 1947, exceeded the scope of the issues contemplated under the notices of investigation served by said defendant Commission upon the Applicants for Review, and is for that reason unlawful and should be set aside.

"That Paragraph 2 of Paragraph I of Defendant's Motion to Strike should be sustained for the reason that Paragraph 1, page 5 of Application for Review asserts matters not set forth in the Application for Rehearing filed by Applicants herein before the Commission, and in all other respects said Motion should be overruled.

"That what has been termed the Order *Nunc Pro Tunc,* made by the Defendant on May 5, 1947, is not a subject for review on the record herein.

"It is Therefore, Considered, Ordered and Adjudged that Paragraph 2 of Paragraph I of the Defendant's Motion to Strike be and the same is hereby sustained and that the remainder of said Motion be and the same is hereby overruled; that Applicants' Motion for Judgment on the Pleadings be and the same is hereby sustained; that the order of the Defendant entered in its Docket No. 27924-R on March 19, 1947, was and is unlawful and is hereby set aside in its entirety; that what has been termed the Order *Nunc Pro Tunc,* made by the Defendant on May 5, 1947, is not a subject for review herein; that the Clerk of this Court transmit to the defendant Commission three certified copies of this Journal Entry of Judgment."

This is the judgment from which the Commission took timely appeal.

We are confronted first with the motion of appellees to dismiss the appeal upon the ground that the controversy is moot. Appellees allege that after the district court entered the judgment from which the appeal here was taken they initiated and filed, pursuant to G. S. 1935, 66-118k, new schedules of cement rates from all cement producing points in Kansas to all destinations in Kansas Cement Scale IV Territory; that the new rates were computed in the same manner and are the same rates as were prescribed in the Commission's order of March 19, 1947, and that they are the same rates as would be filed and published if effect be given to the complete Commission's "Order *Nunc Pro Tunc*" of May 5, 1947, in connection with its order of March 19, 1947. In the argument here counsel for appellant question whether the initiation of those rates

and putting them in force were done under G. S. 1935, 66-118k and points out different contentions which might be made thereunder. We think it sufficient here to say that under what authority those rates were initiated and put into effect never was passed upon by the trial court from which this appeal was taken, and therefore the question is not properly before us. More than that, after a trial court has rendered a judgment from which an appeal lies under the statute, and such an appeal is taken, it is difficult for the appellee to do anything that would prevent the appellant from having a ruling upon the judgment from which the appeal is taken. We therefore pass to the merits of the appeal.

We think it clear that when the Commission, of its own motion, institutes a hearing respecting freight rates on cement from producing points in Kansas, and after a full hearing upon that question makes an order much wider in its scope so as to apply to shipments from points of origin in Kansas, the order is invalid on its face. Indeed, it is not seriously contended otherwise by appellant. Rather, appellant seeks to avoid that conclusion by arguing, first, that as applied to this hearing the terms in question are synonymous. We see nothing in the record to justify that conclusion. Counsel on the other side controvert that view. If that matter was presented to the trial court it was by the trial court denied. Indeed, it is not at all clear that it was presented to the trial court.

Appellant argues that any infirmity in the order of March 19 in that respect was cured by the order made by the Commission on May 5. With respect to that order the trial court found "that what has been termed the Order *Nunc Pro Tunc*, made by the defendant on May 5, 1947, is not a subject for review herein." Appellant says it was sent to the district court with the transcript, but it seems clear to us that the transcript to be sent to the court was designed by the statute to be a transcript of the record up to and including the order from which the appeal is taken. We see nothing in the statute that authorizes the inclusion in the transcript of a material *ex parte* order made after the petition for review is filed in the district court. But, passing that and assuming without deciding that the Commission would have authority to make a proper *nunc pro tunc* order after the petition for review had been filed, we think the order made by the Commission on May 5, 1947, cannot properly be called a *nunc pro tunc* order. Such orders are

made in order to make the record speak the truth of what was done but was improperly shown of record. This order does not state that the Commission in fact had made its order to apply only from cement producing points, and that the same had been inaccurately stated and that it wanted to correct the record by a *nunc pro tunc* order. What the Commission does state is that it intended to make an order which in fact it did not make. In other words, the attempt here is to change the judgment of the Commission instead of to correct its judgment. Hence, the same conclusion would necessarily be reached irrespective of whether the court considered or did not consider the so-called *nunc pro tunc* order.

Appellant argues that the court erred in its ruling upon the Commission's motion to strike.. In view of the disposition we have made of the principal questions presented on the appeal the rulings upon the motion become somewhat immaterial.

Much more might be said, but we think what has been stated properly disposes of the case.

The judgment of the court below is affirmed.

ARN, J., not participating.